# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYAMI MYERS-TAYLOR,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ORNUA FOODS NORTH AMERICA, INC.; ORNUA CO-OPERATIVE LIMITED; and DOES 1 through 25, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:18-cv-01538-H-MDD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Doc. No. 21] |

On December 10, 2018, Defendants Ornua Foods North America, Inc. and Ornua Co-operative Limited (collectively, "Defendants") filed a motion to dismiss Plaintiff Dyami Myers-Taylor's ("Plaintiff") first amended complaint. (Doc. No. 21.) On January 7, 2019, Plaintiff filed his opposition. (Doc. No. 22.) Defendants replied on January 14, 2019. (Doc. No. 25.) For the following reasons, the Court grants Defendants' motion to dismiss.

## Background

Defendants manufacture, package, market, advertise, distribute, and sell a brand of butter products called "Kerrygold" in California and throughout the United States. (Doc. No. 15 ¶ 8.) These products include: Salted Butter, Unsalted Butter, Naturally Softer Pure

1

Irish Butter, Garlic & Herb Butter, Reduced Fat Irish Butter, and Irish Butter with Canola Oil. (Id.) Defendants advertise and label such products as coming from grass-fed cows. (Id. ¶ 27.) Specifically, Defendants use the phrases: "Milk From Grass-Fed Cows"; "Made with milk from grass-fed cows not treated with rBST or other growth hormones"; "All Natural"; and "100% Pure and Natural." (Id.) Plaintiff alleges that such claims "are printed on labels affixed to the Kerrygold Products, on advertising materials, and on Kerrygold's public website." (Id. ¶ 27.) Plaintiff provides images of the labeling on Kerrygold Pure Irish Butter, which states on the front that the product is made from "Milk From Grass-Fed Cows" and on the back that it is "Made with milk from grass-fed cows not treated with rBST or other growth hormones." (Id. ¶ 32.) Plaintiff also provides images from Kerrygold's websites depicting cows eating grass, on which Kerrygold states: "The secret ingredient is always butter," "the grass really is greener over here," and "our happy grass-fed cows[.]" (Id. ¶ 33.)

Plaintiff alleges that Defendants' advertising and labeling is false, deceptive, or misleading because it conveys "to the Plaintiff and similarly situated consumers the false impression that the Kerrygold Products are derived from cows that are 100% grass fed[.]" (Id.) Plaintiff contends that butter from grass-fed cows provides a number of health benefits due to heightened nutritional content, which allows Defendants to price Kerrygold products at a premium when compared with other similar products. (Id. ¶¶ 19–25, 30, 34.) Plaintiff alleges that he purchased Kerrygold products based on his belief that Kerrygold's products were derived entirely from cows that had been fed only grass and no genetically modified or other grains, when in fact, the cows were fed, in part, supplemental feed. (Id. ¶ 26, 27.)

Accordingly, Plaintiff filed the initial complaint on July 6, 2018. (Doc. No. 1.) Plaintiff then filed a first amended complaint on November 26, 2018 on behalf of himself and two classes. (Doc. No. 15.) The first, the proposed Nationwide Class, consists of: "All persons residing in the United States who purchased the Kerrygold Products for personal use and not for resale during the time period July 6, 2014, through the

2

3:18-cv-01538-H-MDD

present[.]" (Id. ¶ 37.) The second, the proposed California Class, consists of: "All persons residing in the State of California who purchased the Kerrygold Products primarily for personal, family or household purposes and not for resale during the time period July 6, 2014[.]" (Id.) On behalf of himself and the proposed Nationwide Class, Plaintiff asserts claims for: (1) fraud; (2) negligent misrepresentation; and (3) unjust enrichment. (Id. ¶¶ 73–86, 102–107.) On behalf of himself and the proposed California Class, Plaintiff asserts claims for: (1) violations of California's Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq. ("CLRA"); (2) violations of California's False Advertising Law, California Business and Professions Code §§ 17500, et seq. ("FAL"); (3) breach of express warranty, California Commercial Code § 2313(1); and (4) violations of California's Unfair Competition Law, California Business and Professions Code §§ 17200, et seq. ("UCL"). (Id. ¶¶ 51–72, 87–101.)

## Discussion

### I. Legal Standards

#### A. Rule 12(b)(6) Dismissal for Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). The Federal Rule of Civil Procedure 8(a)(2)'s plausibility standard governs a plaintiff's claims. The Supreme Court has explained Rule 8(a)(2) as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in [Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citations, quotation marks, and brackets omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). In addition, a court need not accept legal conclusions as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Finally, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement, 593 F.3d at 1038.

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

**B.     Rule 9(b) Fraud Pleading**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Federal courts apply this standard regardless of whether the substantive law is state or federal. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). To satisfy the heightened standard of Rule 9(b), the pleadings must be "specific enough to give defendants notice of the particular misconduct . . . so they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir. 1993)). Put another way, the pleadings must provide "'the who, what, when, where, and how' of the

misconduct charged." Vess, 317 F.3d at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

The heightened pleading standard of Rule 9(b) applies to all claims "grounded in fraud" and may include claims where fraud is not a required element. Id. at 1103–1104. "Where fraud is not an essential element of a claim, only those allegations of the complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009). If the averment fails to meet the heightened standard, then the Court should disregard the fraud allegations and analyze the sufficiency of the claim only as to the non-fraudulent conduct. Id.

## II. Analysis

Defendants argue that Plaintiff's complaint should be dismissed for failure to state a claim. Plaintiff alleges claims for: (1) violations of California's UCL, FAL, and CLRA; (2) fraud; (3) negligent misrepresentation; (4) unjust enrichment; and (5) breach of express warranty. (Doc. No. 15 ¶¶ 35, 51–107.) Defendants argue that Plaintiff has failed to meet the pleading requirements for each cause of action. (Doc. No. 21-1 at 17–32.) In opposition, Plaintiff argues that: (1) his complaint alleges his claims with the specificity required by Rule 9(b); (2) Defendants' labeling and advertising misleads consumers into believing that Defendants' cows are 100% grass-fed; and (3) whether Plaintiff's complaint meets the reasonable consumer standard is a factual issue.[1] (Doc. No. 22 at 15–32.) The Court concludes that Plaintiff has failed to state a claim under Rule 12(b)(6) and his complaint should be dismissed.

### A. UCL, FAL, and CLRA Claims

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code

---

[1] Plaintiff also argues that Federal Rule of Civil Procedure 12 does not permit dismissal of class allegations and that a motion for class certification is a more appropriate vehicle to resolve such issues. (Doc. No. 22 at 10–11.) However, a class action complaint is still subject to dismissal if it fails to meet the pleading requirements of Rule 12 and, in cases where fraud is alleged, Rule 9(b). See, e.g., Kearns., 567 F.3d at 1124–25; Vess, 317 F.3d at 1103.

§ 17200. California's FAL prohibits any "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17500. California's CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. Under these California statutes, conduct is deceptive or misleading if it is likely to deceive an ordinary consumer. Williams v. Gerber Prod. Co., 552 F.3d 934, 938 (9th Cir. 2008). "California courts . . . have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." Id. at 939; accord Linear Tech. Corp. v. Applied Materials, Inc., 152 Cal. App. 4th 115, 134–35 (2007).

However, dismissal is appropriate if a court determines that as a matter of law, members of the public are not likely to be deceived. Pelayo v. Nestle USA, Inc., 989 F. Supp. 2d 973, 978 (C.D. Cal. Oct. 25, 2013); see Rooney v. Cumberland Packing Corp., No. 12–CV–0033–H (DHB), 2012 WL 1512106 (S.D. Cal. Apr. 16, 2012) (dismissing without leave to amend claims that "Sugar in the Raw" was deceptive because the sugar was processed and not natural); Werbel ex rel. v. Pepsico, Inc., No. C 09–04456 SBA, 2010 WL 2673860 (N.D. Cal. July 2, 2010) (dismissing without leave to amend claims that "Cap'n Crunch's Crunch Berries" was deceptive because it did not contain real berries). A plaintiff must show "more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 508 (2003).

"Generalized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and hence are not actionable" under the UCL, FAL, and CLRA. Anunziato v. eMachines, Inc., 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005); see Williams, 523 F.3d at 939 n.3; Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., 911 F.2d 242, 245 (9th Cir. 1990). Puffery involves "outrageous

generalized statements, not making specific claims, that are so exaggerated as to preclude reliance by consumers." Cook, 911 F.2d at 246 (internal quotation marks omitted). "While product superiority claims that are vague or highly subjective often amount to nonactionable puffery, misdescriptions of specific or absolute characteristics of a product are actionable." Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1145 (9th Cir. 1997) (internal quotation marks and citations omitted). Whether a statement is puffery may be decided as a matter of law on a motion to dismiss. Cook, 911 F.2d at 245.

Defendants argue that Plaintiff's UCL, FAL, and CLRA claims fail because: (1) Defendants' statements are not misleading; and (2) Plaintiff's interpretation of Defendants' statements fails to meet the reasonable consumer standard.[2] (Doc. No. 21-1 at 20–25, 28–29, 31.) Plaintiff argues that whether his claims meet the reasonableness standard is a question of fact not suitable for dismissal. (Doc. No. 22 at 15.) The Court has considered the parties arguments and concludes that a reasonable consumer could not be led to believe that Plaintiff's interpretation that Defendants' products are derived from cows that are fed 100% grass.

Plaintiff's UCL, FAL, and CLRA claims are grounded in fraud and therefore must meet the Rule 9(b) pleading standard. See Kearns, 567 F.3d at 1125; Vess, 317 F.3d at 1103–04. Plaintiff alleges that Defendants' use of phrases like "Milk From Grass-Fed Cows" and "Natural" misled him and other similarly situated individuals into believing that Defendants' butter products came from cows that were fed only grass. (Doc. No. 15.) However, the Kerrygold product packaging indicates that the butter is derived from cows that are grass-fed, but at no point states that the cows are 100% grass-fed. (Doc. No. 19-1,

---

[2] Defendants also argue that Plaintiff fails to allege statutory standing under the UCL, FAL, and CLRA. (Doc. No. 21-1 at 25–28.) In order to assert a claim under the UCL or FAL, a person must have "suffered injury in fact and ha[ve] lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code §§ 17204, 17535. The CLRA similarly requires that a plaintiff "suffer[] any damage as a result of" an alleged violation. Cal. Civ. Code § 1780. Actual reliance and economic injury are required to have standing to sue under the three statutes. See Kwikset Corp. v. Sup. Ct., 51 Cal. 4th 310, 322, 326–27 (2011); Cohen v. DIRECTV, Inc., 178 Cal. App. 4th 966, 973 (2009); In re Tobacco II Cases, 46 Cal. 4th 298, 306 (2009). Because the Court dismisses Plaintiff's UCL, FAL, and CLRA claims on other grounds, the Court need not address Defendants' statutory standing argument.

Exh. A.) In support of this, Defendants have a trademark on the Kerrygold logo, which includes the phrase "Milk From Grass-Fed Cows[.]" (Doc. No. 26-6, Exh. F.) "As a prerequisite to acquiring a trademark registration in the United States, a mark must not be deceptively misdescriptive of the product." Rooney, 2012 WL 1512106, at *2 (citing 15 U.S.C. § 1052(e)(1).

Further, Plaintiff alleges that he was misled into believing that Defendants' cows were fed 100% grass based on misrepresentations made on the Kerrygold website. (Doc. No. 15 ¶ 27.) But, Plaintiff also refers to portions of the Kerrygold website where Defendants expressly state that their cows are fed between 85% and 90% grass. (Id. ¶ 26.) Thus, Plaintiff's conclusion that a significant portion of the general consuming public, acting reasonably, would be led to believe that they are purchasing butter that is derived from cows that were fed only grass is unsupported. See Lavie, 105 Cal. App. 4th at 508.

With regards to Defendants' labeling and advertising as "Natural" and "100% Pure and Natural," Plaintiff fails to identify how such statements are false or misleading. Plaintiff does not specifically identify where such statements appear, other than broadly stating that they appear in advertising and on Defendants' website. Plaintiff also fails to offer an objective or plausible definition for claims that the products are "natural." See Pelayo, 989 F. Supp. 2d at 978. Thus, Plaintiff has failed to meet the Rule 9(b) pleading standard for such statements.

Finally, in his complaint, Plaintiff provides images from the Kerrygold depicting cows eating grass, on which Kerrygold states that "The secret ingredient is always butter," "the grass really is greener over here," and "our happy grass-fed cows[.]" (Doc. No. 15 ¶ 33.) Plaintiff alleges that these are "intended to convey to the Plaintiff and other similarly situated consumers the false impression that the Kerrygold Products are derived from cows that are 100% grass fed." (Id.) However, such images are non-actionable puffery because they are "outrageous generalized statements, not making specific claims, that are so exaggerated as to preclude reliance by consumers." Cook, 911 F.2d at 246

(internal quotation marks omitted). Therefore, the Court dismisses Plaintiff's claims for violations of California's UCL, FAL, and CLRA.

### B. Fraud and Negligent Misrepresentation

To state a claim for common law fraud, a plaintiff must allege a misrepresentation, knowledge of falsity, intent to defraud, justifiable reliance, and resulting damages. Gil v. Bank of Am., N.A., 138 Cal. App. 4th 1371, 1381 (2006). Under California law, the "elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (2007).

Plaintiff's claims for common law fraud and negligent misrepresentation are based on the same theory as the statutory claims—Plaintiff alleges that Defendants, by using the phrases "Milk From Grass-fed Cows," "Made with milk from grass-fed cows not treated with rBST or other growth hormones," "Natural," and "100% Pure and Natural," represented to consumers that Kerrygold butter is derived from cows that are fed only grass and no other supplemental feed. (Doc. No. 15 ¶¶ 4, 26.) However, as discussed above, Defendants do not represent that their cows are fed 100% grass. Rather, Defendants disclose on the Kerrygold websites that the cows are fed primarily grass. (Id. ¶ 26.) Further, Defendants have a trademark on the Kerrygold logo, which includes the phrase "Milk From Grass-Fed Cows" (Doc. Nos. 21-1 at 22; 26-6, Exh. F.), and trademarks as a prerequisite to registration must not be deceptively misdescriptive. See Rooney, 2012 WL 1512106, at *2. Plaintiff also fails to allege facts surrounding Defendant's labeling as "Natural" and "100% Pure and Natural" with the specificity required by Rule 9(b). Finally, any reliance by a consumer on Defendants' representations to infer that the cows were fed only grass would not be reasonable or justifiable. See Werbel, 2010 WL 2673860, at *5. Accordingly, the Court dismisses Plaintiff's claims for fraud and negligent misrepresentation.

### C. Unjust Enrichment

Plaintiff alleges a claim for unjust enrichment. (Doc. No. 15 ¶¶ 102–107.) Unjust enrichment "is not a cause of action . . . or even a remedy, but rather a general principle, underlying various legal doctrines and remedies. It is synonymous with restitution." McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004) (citations omitted) (internal quotation marks omitted). In Levine v. Blue Shield of Cal., 189 Cal. App. 4th, 1117, 1138 (2010), the court held "there is no cause of action in California for unjust enrichment." However, unjust enrichment describes "the theory underlying a claim that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request." Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015) (internal quotation marks and citation omitted). "When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" Id. (quoting Rutherford Holdings, LLC v. Plaza Del Rey, 223 Cal. App. 4th 221, 231 (2014)).

Here, although Plaintiff has not explicitly pled a quasi-contract claim, the Court construes his unjust enrichment claim as a quasi-contract claim. See Astiana, 783 F.3d at 762; John v. AM Retail Grp., Inc., No. 17CV727-JAH (BGS), 2018 WL 1400718, at *9 (S.D. Cal. Mar. 20, 2018); Azimpour v. Sears, Roebuck & Co., No. 15-CV-2798 JLS (WVG), 2017 WL 1496255, at *1 (S.D. Cal. Apr. 26, 2017). The Ninth Circuit in Astiana held that allegations that the defendant "had enticed plaintiffs to purchase their products through false and misleading labeling" and "was unjustly enriched as a result" were sufficient to form the basis for a quasi-contract claim. 783 F.3d at 762. Thus, in order to succeed in an unjust enrichment claim, a plaintiff must show some fraud. See id. Here, Plaintiff's quasi-contract claim fails because, as discussed above, Plaintiff has failed to allege any fraudulent or misleading labeling with the specificity required by Rule 9(b). When Plaintiff purchased Kerrygold products, he received butter that was derived from cows that were grass-fed. Accordingly, the Court dismisses Plaintiff's quasi-contract claim for unjust enrichment.

### D. Breach of Express Warranty

California Commercial Code § 2313 provides: "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." To adequately plead a cause of action for breach of express warranty, "one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." Beechnut Nutrition, 185 Cal. App. 3d at 142. Statements made by a manufacturer on a product label can be construed as express warranty statements. See, e.g., Hauter v. Zogarts, 14 Cal. 3d 104 (1975).

Plaintiff alleges that Defendants made affirmations that Kerrygold products contain "Milk from Grass-Fed Cows" and were "Made with milk from grass-fed cows not treated with rBST or other growth hormones," and by appearing on product labels and the Kerrygold website, such statements formed the basis of the bargain on which Plaintiff and the putative California Class relied in purchasing Kerrygold products. (Doc. No. 15 ¶¶ 4, 68.) However, Plaintiff fails to show any breach by Defendants. Plaintiff received a butter product that was derived from cows that were grass-fed. Defendant did not make any warranty that the products were derived from cows that were fed only grass. Plaintiff could not have reasonably relied on Defendants' representations to infer that the cows were fed only grass. Accordingly, the Court dismisses Plaintiff's claim for breach of express warranty. [3,4]

---

[3] Defendants additionally argue that Plaintiff's claims are preempted by the National Bioengineered Food Disclosure Standard, 7 U.S.C. §§ 1639, et seq. (Doc. No. 21-1 at 32–33.) Because the Court dismisses Plaintiff's claims on other grounds, it need not address whether Plaintiff's claims are preempted.

[4] Because the Court dismisses Plaintiff's complaint under Rule 12(b)(6), the Court need not address Defendants' argument that the putative Nationwide Class should be dismissed for lack of personal jurisdiction under Bristol-Myers Squibb v. Superior Court, 137 S. Ct. 1773 (2017). The Court notes that

## **Conclusion**

For the foregoing reasons, the Court grants Defendants' motion to dismiss, and the Court dismisses Plaintiff's complaint without prejudice.[5] The Court grants Plaintiff leave to amend. Plaintiff may file an amended complaint, if any, on or before **March 6, 2019**. Any amended complaint must cure the deficiencies noted in this order.

**IT IS SO ORDERED.**

DATED: February 4, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

district courts are split as to whether Bristol-Myers applies to class action lawsuits. See Allen v. ConAgra Foods, Inc., No. 3:13-CV-01279-WHO, 2018 WL 6460451, at *6 (N.D. Cal. Dec. 10, 2018) (citing (citing Chavez v. Church & Dwight Co., No. 17 C 1948, 2018 WL 2238191, at *10 (N.D. Ill. May 16, 2018)).

[5] Defendants also filed a request for judicial notice. (Doc. No. 19.) The Court takes judicial notice as to all of Defendants exhibits under Federal Rule of Evidence 201(b), as such documents are relevant to the Court's analysis and decision as to whether to grant leave to amend.